UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARION O'NEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV850 DDN |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

The Court ordered petitioner to show cause no later than June 7, 2013, why this action should not be dismissed as time-barred. Petitioner, who is represented by counsel, has not responded. As a result, the Court will summarily dismiss this action.

### **Background**

Petitioner pled guilty to one count of first degree attempted robbery, two counts of first degree assault, and three counts of armed criminal action. On March 5, 2010, the trial court sentenced petitioner to twenty years' imprisonment. Petitioner did not file a direct appeal.

On August 30, 2010, petitioner filed a Rule 24.035 motion for postconviction relief. See O'Neal v. State, 10SL-CC03551 (St. Louis County). The court denied the motion without holding an evidentiary hearing on April 6, 2011. Petitioner filed a motion for leave to file a late notice of appeal on July 6, 2011. The Missouri Court

of Appeals granted petitioner leave to file a late appeal and affirmed on April 10, 2012.  The court issued its mandate on May 4, 2012.  See O'Neal v. State, ED 96970 (Mo. Ct. App.).

Petitioner, through counsel, electronically filed the instant petition for writ of habeas corpus on May 3, 2013.

**Standard**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. S. Ct. R. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) began to run on March 15, 2010. The limitations period ran for 168 days until petitioner filed his motion for postconviction relief on August 30, 2010.

The limitations period was tolled during the pendency of the postconviction-relief motion. The motion court denied the motion on April 6, 2011, and the judgment became final thirty days later, on May 6, 2011. Mo. S. Ct. R. 81.05. Petitioner had ten days from May 6, 2011, to file a notice of appeal, i.e., May 16, 2011, but he failed to do so. See Mo. S. Ct. R. 81.04. Therefore, the limitations period began to run again on May 16, 2011.

The limitations period ran, at the very minimum, for 51 days until petitioner filed his motion for leave to file a late notice of appeal in the Missouri Court of

Appeals on July 6, 2011. And the limitations period was tolled until the Missouri Court of Appeals issued its mandate on May 4, 2012.

The limitations period ran another 364 days until petitioner filed the instant § 2254 petition. In all, 583 non-tolled days passed from the time petitioner's judgment became final before he filed the instant petition. As a result, the petition is barred by the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal will be filed contemporaneously with this Memorandum and Order.

Dated this 21st day of June, 2013.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE